IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III, | 1:11-CV-01882-MJS (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| DR. RICHARD P. BERKSON, et al, | (ECF NO. 8) |
| Defendants. | |

Plaintiff Will Moses Palmer, III is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Court screened the Complaint and ordered that by not later than August 24, 2012, Plaintiff either file an amended complaint or notify the Court of his willingness to proceed only on his due process claim against Defendants Clement and Huang. (Orders, ECF Nos. 5, 7.)

On June 22, 2012, Plaintiff filed a motion seeking the appointment of counsel, which is now before the Court.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998)), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United

1  States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).
2  However, in certain exceptional circumstances the Court may request the voluntary
3  assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.
4      Without a reasonable method of securing and compensating counsel, the Court
5  will seek volunteer counsel only in the most serious and exceptional cases. In
6  determining whether "exceptional circumstances exist, the district court must evaluate
7  both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate
8  his claims *pro se* in light of the complexity of the legal issues involved." Id.
9      In the present case, the Court does not find the required exceptional
10 circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that
11 he has made serious allegations which, if proved, would entitle him to relief, his case is
12 not exceptional. This Court is faced with similar cases almost daily. Further, at this early
13 stage in the proceedings, the Court cannot make a determination that Plaintiff is likely
14 to succeed on the merits, and based on a review of the record in this case, the court
15 does not find that Plaintiff can not adequately articulate his claims.  Id.
16     For the foregoing reasons, Plaintiff's motion for the appointment of
17 counsel is HEREBY DENIED, without prejudice.
18
19
20 IT IS SO ORDERED.
21 Dated:   June 27, 2012              /s/ *Michael J. Seng*
22                                    UNITED STATES MAGISTRATE JUDGE
23
24
25
26
27
28