UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. RICHARD P. BERKSON, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE No. 1:11-cv-01882-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CERTAIN CLAIMS AND DEFENDANTS SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF Nos. 5, 7)<br><br>FIFTEEN (15) DAY DEADLINE |

Plaintiff Will Moses Palmer, III is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On May 24, 2012, the Court screened the Complaint and ordered that Plaintiff, by not later than June 27, 2012, either file an amended complaint curing the deficiencies identified by the Court in its screening order, or notify the Court in writing that he does not wish to file an

-1-

amended complaint and is willing to proceed only against Defendants Clement and Huang on his due process claim. On June 21, 2012, the Court issued an order granting Plaintiff's first motion to extend time to August 23, 2012 in which to file a first amended complaint. (ECF No. 7.) The August 23, 2012 deadline has passed without Plaintiff having filed an amended complaint or a request for a further extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's June 21, 2012 order requiring that he file an amended complaint by August 23, 2012.

Accordingly, within fifteen (15) days from the date of service of this order, Plaintiff shall show cause why the claims in his Complaint, other than the cognizable due process claim against Defendants Clement and Huang, should not be dismissed.

If Plaintiff fails to file a response to this order, the Court will assume he wishes to

proceed only against Defendants Clement and Huang on the cognizable due process claim and dismiss the remaining claims and Defendants.

IT IS SO ORDERED.

Dated:   August 31, 2012          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE