# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III<br><br>Plaintiff,<br><br>v.<br><br>DR. RICHARD P. BERKSON, et al.,<br><br>Defendants.<br>_____/ | CASE No.   1:11-cv-01882-LJO-MJS (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 12)<br><br>CASE TO REMAIN OPEN |

Plaintiff Will Moses Palmer, III is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed November 14, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

///////

On October 23, 2012, Findings and Recommendations Dismissing Certain Claims and Defendants (F&R Dismiss., ECF No. 12) were filed in which the Magistrate Judge recommended that all claims in Plaintiff's Complaint except for his Fourteenth Amendment due process claim against Defendants Clement and Huang and all Defendants named in this action except for Defendants Clement and Huang be dismissed with prejudice by the District Judge. The parties were notified that objection, if any, was due within fourteen days.

On November 20, 2012, Plaintiff filed Objections to the Magistrate Judge Findings and Recommendations. (Obj. to F&R, ECF No. 13.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. In his Objections, Plaintiff argues that the complexity of this case, difficulties in accessing the law library and the need for discovery and retention of experts, leave him denied effective access to the Court such that the Court should appoint counsel to prepare an amended complaint. (Objections at 2:1-3:10.)

These arguments do not object to or even substantively address the Findings and Recommendations of the Magistrate Judge. The request for appointment of counsel is not properly before the Court. Even if it were, Plaintiff does not allege facts suggesting extraordinary circumstances for appointment of counsel. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). At this early stage of the litigation the Court can not make a determination that Plaintiff is likely to succeed on the merits. His claims do not appear to be novel or unduly complex, and remain in dispute. The facts alleged appear

straightforward and unlikely to involve extensive investigation and discovery. The record in this case demonstrates sufficient writing ability and legal knowledge to articulate the claims asserted. Nor is it apparent on the record that before bringing this motion, Plaintiff exhausted diligent effort to secure counsel.[1] A lack of funds would not alone demonstrate that efforts to secure counsel would be futile.

Plaintiff otherwise fails to raise a material issue of law or fact relating to the Findings and Recommendations. His mere disagreement with mental health diagnoses and treatment decisions alone is not sufficient to state a deliberate indifference claim. Defendants Berkson and Wang are not linked to the cognizable due process violation relating to the Keyhea hearing. He can not base a First Amendment retaliation claim solely upon his refusal to take medication. His state law tort claim is untimely where barred by the applicable limitations period, unsupported by exhaustion of the requisite state administrative tort claim process, and otherwise insufficient to state a claim where the medication in issue is therapeutic and administered without improper motive.

Plaintiff has been liberally afforded time to respond to the Court's May 24, 2012 Order. Nothing in his Objections suggests the foregoing deficiencies can be corrected.

////////

////////

////////

////////

---

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).

Accordingly, IT IS HEREBY ORDERED that:

1. The Court adopts the Findings and Recommendations filed October 23, 2012, (ECF No. 12), in full, and

2. The Clerk of the Court is directed this case is to remain open.

IT IS SO ORDERED.

Dated:   **November 28, 2012**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE