1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III,<br><br>Plaintiff,<br><br>v.<br><br>DR. RICHARD P. BERKSON, et al.,<br><br>Defendants. | Case No. 1:11-cv-01882-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS AND REQUIRING PAYMENT OF FILING FEE IN FULL WITHIN TWENTY-ONE DAYS**<br><br>**(ECF No. 3)**<br><br>**FOURTEEN-DAY OBJECTION DEADLINE** |

12
13
14
15
16
17
18
19
20
21
22

Plaintiff Will Moses Palmer III is a state prisoner proceeding pro se in this civil rights action filed November 14, 2011 pursuant to 42 U.S.C. § 1983. On January 5, 2012, the undersigned issued an order granting Plaintiff's application to proceed in forma pauperis ("IFP"). This matter is in the screening phase.

For this case and, for the reasons discussed below, the undersigned recommends that Plaintiff's IFP status be revoked pursuant to 28 U.S.C. § 1915, and that he be required to pay the $400 filing fee in full within twenty-one days of adoption of these findings and recommendations.

23
24
25
26
27
28

I.      **LEGAL STANDARD**

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . .

1

1 under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

2 detained in any facility, brought an action or appeal in a court of the United States that was

3 dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

4 relief may be granted, unless the prisoner is under imminent danger of serious physical

5 injury."[1] 28 U.S.C. § 1915(g).

6        A court may raise the issue of strikes sua sponte. Strope v. Cummings, 653 F.3d

7 1271, 1273 (10th Cir. 2011).

8 **II.     ANALYSIS**

9        Section 1915 of Title 28 of the United States Code governs proceedings in forma

10 pauperis. A review of the actions filed by Plaintiff in the United States District Court reveals

11 that Plaintiff has filed three actions that were dismissed as frivolous, malicious, or for failing

12 to state a claim upon which relief may be granted.

13        Determining whether Plaintiff's actions count as strikes under § 1915(g) requires the

14 Court to conduct a "careful examination of the order dismissing an action, and other

15 relevant information," to determine if, in fact, "the action was dismissed because it was

16 frivolous, malicious or failed to state a claim." Andrews, 398 F.3d 1113 at 1121.

17        The Court takes judicial notice of the following cases which count as strikes:[2] 1)

18 Palmer v. Lamarque, 3:03-cv-00956-SI (C.D. Cal.), ECF No. 6 (dismissed May 16, 2003,

19 for failure to state a claim); 2) Palmer v. Johnson, 2:05-cv-07121-UA-E (C.D. Cal.), ECF

20 No. 2 (dismissed November 2, 2005, for failure to state a claim upon which relief may be

21 granted); and 3) Palmer v. Johnson, 2:05-cv-08547-ABC (C.D. Cal.), ECF No. 24

22 (dismissed December 1, 2006, for failure to state a claim).

23        Plaintiff's complaint in Palmer v. Lamarque, No. 3:03-cv-00956-SI (N.D. Cal. May 16,

24 2003), was dismissed on April 30, 2003, for failure to state a claim and Plaintiff was granted

25 until May 23, 2003, to file an amendment or an amended complaint. On May 16, 2003, the

26

27 [1] "This subdivision is commonly known as the three strikes provision. Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim. Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed in forma pauperis. See Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

28 [2] United States ex. Rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

1    action was dismissed without prejudice. Plaintiff filed a motion for leave to file an amended

2    complaint on August 5,  2003, and was advised that he could file a new complaint, but

3    could not continue to litigate this action. Plaintiff did not file an amendment or an amended

4    complaint within the time granted by the court. Since the complaint was dismissed for

5    failure to state a claim, this dismissal is a strike under section 1915(g). Lira v. Herrera, 427

6    F.3d 1164, 1169 (9th Cir. 2005).

7         In Palmer v. Johnson, 2:05-cv-08547-ABC, the Court dismissed Plaintiff's complaint

8    with prejudice because the defendant was a United States Magistrate Judge with absolute

9    judicial immunity. (See 2:05-cv-08547, ECF No. 24.) In its dismissal order, the Court noted

10   that Plaintiff sued Magistrate Judge Johnson because he did not receive the relief he hoped

11   for in a prior habeas case. (See id.) The dismissal order demonstrates that the complaint

12   failed to state a claim and was legally frivolous because the defendant had absolute judicial

13   immunity. See Andrews, 398 F.3d 1113 at 1121 (for § 1915(g) purposes, a case "is

14   frivolous if it is 'of little weight or importance: having no basis in law or fact'"). This was the

15   second lawsuit Plaintiff initiated against Magistrate Judge Johnson. The first was dismissed

16   for failure to state a claim upon which relief could  be granted. See Palmer v. Johnson,

17   2:05-cv-07121-UA-E (C.D. Cal.). The Court finds that the second Palmer v. Johnson case,

18   2:05-cv-08547-ABC (C.D. Cal.), which was dismissed with prejudice, also failed to state a

19   claim upon which relief may be granted and was frivolous.

20        These strikes were final before Plaintiff filed this action on November 14, 2011.

21   Moreover, Plaintiff does not demonstrate that he faced imminent danger of serious physical

22   injury at the time he filed his complaint. To meet the imminent danger exception, the threat

23   or prison condition must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th

24   Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is

25   filed. Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002); Andrews v. Cervantes, 493

26   F.3d 1047, 1053-55 (9th Cir. 2007).

27        The complaint alleges that in 2006, Plaintiff was restrained and involuntarily

28   medicated, without due process, in retaliation for his protected activity. A prisoner's

1   allegation that he or she faced danger in the past is insufficient to allow the prisoner to

2   proceed in forma pauperis. <u>Addul-Akbar v. McKelvie</u>, 239 F.3d 307, 311-13 (3d Cir. 2001).

3   Though the imminent danger exception may be satisfied where a danger is alleged to be

4   ongoing, <u>see</u> <u>Tierney v. Alo</u>, - - - F.2d - - - -, 2012 WL 622238 at *2 (D. Hawai'i February

5   24, 2012), <u>citing</u> <u>Andrews</u>, 493 F.3d at 1056, nothing in the pleading suggests threat of

6   harm extending beyond 2006.

7          For these reasons, Plaintiff does not meet the imminent danger exception. <u>See</u>

8   <u>Childs v. Miller</u>, 713 F.3d 1262, 1267 (10th Cir. 2013) (specific and credible allegations of

9   imminent danger of serious physical injury are required).

10  **III.     CONCLUSIONS AND RECOMMENDATIONS**

11         The undersigned concludes that Plaintiff's IFP status should be revoked because he

12  accrued three or more strikes and was not under imminent danger of serious physical harm

13  at the time this action was initiated, 28 U.S.C. § 1915(g); and Plaintiff should be provided

14  with the opportunity to pay the filing fee in full.

15         Based on the foregoing, it is HEREBY RECOMMENDED that:

16         1.     Plaintiff's in forma pauperis status (ECF No. 3) should be REVOKED,

17         2.     Plaintiff should be required to pay the $400 filing fee in full within twenty-one

18                days of adoption of these findings and recommendations, and

19         3.     If Plaintiff fails to pay the $400 filing fee in full within twenty-one days of

20                adoption of these findings and recommendations, all pending motion should

21                be terminated and this action dismissed without prejudice.

22         These findings and recommendations will be submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

24  fourteen (14) days after being served with these findings and recommendations, the parties

25  may file written objections with the Court. The document should be captioned "Objections

26  to Magistrate Judge's Findings and Recommendations." A party may respond to another

27  party's objections by filing a response within fourteen (14) days after being served with a

28  copy of that party's objections. The parties are advised that failure to file objections within

4

1  the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>,

2  951 F.2d 1153 (9th Cir. 1991).

3

4

5

6

7

8

9

10

11  IT IS SO ORDERED.

12     Dated:    December 31, 2013         /s/ *Michael J. Seng*

13                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28