# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III<br><br>Plaintiff,<br><br>v.<br><br>DR. RICHARD P. BERKSON, et al.,<br><br>Defendants. | Case No. 1:11-cv-01882-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 23)**<br><br>**FILING FEE DUE IN FULL WITHIN TWENTY-ONE DAYS** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. He is pursuing a due process claim against Defendants Clement and Huang. On January 21, 2014, the District Judge assigned to this case adopted Findings and Recommendations ("F&R's") revoking Plaintiff's in forma pauperis ("IFP") status and requiring payment of the filing fee in full within twenty-one days. Plaintiff appealed to the Ninth Circuit. The appeal was dismissed on March 14, 2014 for failure to pay required fees. (ECF No. 24.)

Before the Court is Plaintiff's March 10, 2014 motion for reconsideration of the order dismissing complaint (*sic*) which the Court construes as seeking reconsideration of the January 21, 2014 order revoking IFP status and requiring payment of the filing fee.

## I.     LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## II.    DISCUSSION

The Court, in revoking Plaintiff's IFP status took notice of the following cases which it counted as strikes: 1) Palmer v. Lamarque, 3:03-cv-00956-SI (C.D. Cal.), ECF No. 6 (dismissed May 16, 2003, for failure to state a claim),  2) Palmer v. Johnson, 2:05-cv-07121-UA-E (C.D. Cal.), ECF No. 2 (dismissed November 2, 2005, for failure to state a claim), and 3) Palmer v. Johnson, 2:05-cv-08547-ABC (C.D. Cal.), ECF No. 24 (dismissed December 1, 2006, for failure to state a claim).

Plaintiff did not object to the F&R's. He does not now show cause why he did not timely object to the F&R's on grounds asserted in the instant motion.

Plaintiff argues that the Court erred in counting the Johnson cases as strikes. He claims those cases were dismissed based upon Defendant's judicial immunity which he contends is not a strike under 28 U.S.C. § 1915(g). However, as discussed in the F&R's, those cases were dismissed for failure to state a claim. Such dismissals are counted as strikes under § 1915(g). The case law cited by Plaintiff in his motion does not provide otherwise.

Plaintiff also argues the claims in this action "relate back" to his pending separate action, Palmer v. Woodford et al., E.D. Cal. Case No. 1:06-cv-00512, filed on May 26, 2006 and that strikes incurred subsequent to that date are no bar.[1] He reasons the Court must

---

[1] The Court notes Woodford was filed April 28, 2006.

have applied relation back doctrine in finding cognizable claims in this action. The three strikes statute provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "Relation back is governed by Rule 15(c), Federal Rules of Civil Procedure, which provides that, in some circumstances, an amended pleading may relate back for purposes of the statute of limitations to the time when the original pleading was filed." In re Cases Filed by DIRECTV, Inc., 344 F.Supp.2d 647, 651 (D. Ariz. 2004). This action was filed November 14, 2011 separately from Woodford and does not relate back to the filing date of Woodford. The Court does not have an amended complaint before it. The Court takes notice that the instant Defendants and claims were dismissed without prejudice from Woodford on October 12, 2011.[2] (See Woodford, ECF No. 72.) The filing of this action, a new complaint against these Defendants, does not relate back to filing of the prior action. See Id., at 651-52. Plaintiff points to nothing in this action or Woodford that provides otherwise.

Plaintiff includes with his instant motion an August 4, 2011 order in Woodford that grants reconsideration and reinstates IFP status therein. (See ECF No. 23, Ex. 1.) The Woodford court took that action because it determined that dismissal in Palmer v. Crawford, N.D. Cal. Case No. 3:03-cv-01271-SI, which it had counted as a strike, was based on Plaintiff's voluntary withdrawal of the suit and thus not a strike under § 1915(g). The Crawford case was not counted as a strike in this action. The August 4, 2011 order in Woodford does not support the relief Plaintiff now seeks.

Plaintiff does not identify any error of law or fact in the Court's January 21, 2014

---

[2] The court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

order revoking his IFP status and requiring payment of the filing fee.

### III. ORDER

For the reasons stated above, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 23) is DENIED,
2. Plaintiff shall PAY THE $400 FILING FEE in full within twenty-one days of service of this Order, and
3. If Plaintiff fails to pay the $400 filing fee in full within twenty-one days of service of this Order, all pending motions shall be terminated and this action dismissed without prejudice.

IT IS SO ORDERED.

Dated:   **March 18, 2014**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

: