# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III,<br><br>Plaintiff,<br><br>v.<br><br>DR. RICHARD K. BERKSON, et al.,<br><br>Defendants. | Case No. 1:11-cv-01882-LJO-MJS (PC)<br><br>**ORDER (1) DENYING PLAINTIFF'S THIRD MOTION FOR RECONSIDERATION OF IFP REVOCATION, and (2) DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO PAY FILING FEE**<br><br>**(ECF Nos. 27, 28)**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. He is pursuing a due process claim against Defendants Clement and Huang.

Plaintiff's In Forma Pauperis ("IFP") status was revoked because he had three prior actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. The facts alleged in this case failed to satisfy the exception set out in § 1915(g). He was ordered to pay the $400 filing fee in full by not later than April 14, 2014. The April 14th deadline passed without Plaintiff paying the filing fee.

On April 7, 2014, Plaintiff filed a third motion for reconsideration of IFP revocation. He re-argues grounds for reconsideration previously found deficient and contends the Court is discriminating against his race, conviction and lack of funds. The re-argument lacks merit for reasons previous stated (see ECF No. 25), and is not "new or different facts

or circumstances" supporting reconsideration. See Fed. R. Civ. P. 60(b)(6); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008); Local Rule 230(j).

Plaintiff does not provide facts demonstrating discrimination or a bias from an extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 551-56, (1994). Adverse rulings alone do not suggest deep-seated favoritism or antagonism as would support judicial bias. *Id.* There is a "presumption of honesty and integrity in those serving as adjudicators." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 891 (2009), citing *Withrow v. Larkin,* 421 U.S. 35, 47 (1975).

In sum, Plaintiff does not identify any error of law or fact in the Court's revocation of his IFP status. He has failed to pay the $400 filing fee by the April 14, 2014 deadline. Plaintiff was specifically cautioned that failure to pay the filing fee would result in dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The third motion for reconsideration is DENIED,
2. The action is DISMISSED, without prejudice, pursuant to Local Rule 110 for Plaintiff's failure to prosecute, and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: **April 16, 2014**    **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE